**UNITED STATES of America**
**v.**
**The AMERICAN OIL COMPANY et al.,**
**Defendants.**
**No. 65 Cr 150(3).**

United States District Court
E. D. Missouri, E. D.
Aug. 26, 1966.

Richard D. FitzGibbon, Jr., U. S. Dist. Atty., St. Louis, Mo., for plaintiff.

Wm. R. Bascom, St. Louis, Mo., for Wilshire Oil Co.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This matter is before the Court on motion of defendant Wilshire Oil Company to permit said defendant to inspect that part of the transcript of the Grand Jury proceedings in this case showing the testimony of Thomas Masterson. The motion seeks the disclosure of such testimony under Rule 16 and Rule 6(e) of the Federal Rules of Criminal Procedure, allegedly for discovery purposes related to a different criminal prosecution presently pending in the District of Kansas.

It appears from the moving papers that a number of corporations, including movant Wilshire Oil Company, were indicted in the United States District Court for the District of Kansas, in Criminal Ac-

tion No. KC–Cr–873, charged with violation of the Sherman Act, 15 U.S.C. Section 1, and that said indictment alleges a conspiracy and continuing agreement to fix, maintain and establish non-competitive prices for the sale of liquid asphalt to the State of Kansas, to submit collusive, non-competitive and rigged bids and price quotations for the sale of liquid asphalt to the State of Kansas and to allocate among themselves the sale of liquid asphalt to the State of Kansas. A similar conspiracy and agreement with respect to the sale of liquid asphalt to the State of Missouri was alleged in the indictment · under which Wilshire Oil Company and one of its employees, O. Homer Riffe, were convicted in the case in this Court. Masterson testified before the Grand Jury which indicted movant. It further appears that Masterson also testified before the Grand Jury in the District of Kansas and that heretofore, on August 3, 1966, the Honorable Arthur J. Stanley, Judge of the United States District Court for the District of Kansas entered an order permitting the disclosure to movant of the testimony of said Thomas Masterson before the Grand Jury of said District Court.

Movant argues that Masterson was a salesman for Riffe Petroleum Company and thereafter of movant, into which Riffe Petroleum Company was merged effective December 31, 1960, but that he has not been employed by movant since August, 1963; that movant had not engaged in the sale of asphalt prior to said merger, but that Riffe Petroleum Corporation, as a broker, had done so, and that movant has not engaged in such sales since August 9, 1963; that Masterson and Homer Riffe as employees of movant had sold liquid asphalt in both Kansas and Missouri; that movant believes that the Missouri indictment against movant and Riffe was based upon testimony by Masterson, and further believes that the Kansas indictment was based upon Masterson's testimony revealing his activities; that if any acts were done which would tend to make movant a party to the alleged conspiracy set forth in the Kansas indictment, such acts would have to have been done by Masterson as movant's representative in Kansas; that none of the officers and directors of movant have been able to ascertain what acts, if any, Masterson performed which would lead to an indictment; that in a civil action for breach of employment contracts, Masterson has refused to testify, when his deposition was taken, concerning his activities in the division of territory and pricing in the States of Kansas and Missouri; and for such reason movant is unable to obtain any information as to Masterson's activities necessary to support its defense or which may disclose an affirmative defense.

In view of Judge Stanley's order permitting the disclosure to movant of Masterson's testimony before the Grand Jury which returned the indictment in the District of Kansas, it is evident that defendant is now able to obtain the information of which it professes ignorance relating to Masterson's activities as its representative. We note that in the proceeding in this Court, Wilshire, which was represented by competent counsel (who are also of counsel on this motion), made no similar representations of ignorance and was sufficiently advised of the facts to enter a plea of nolo contendere.

█ █ We find nothing in Rule 16 or Rule 6(e) which would require us to make the order sought by movant. Both rules obviously have reference to orders by the judge before whom a case is pending, not to orders in a closed proceeding. Rule 16 authorizes the court to order the attorney for the government to permit the defendant to inspect *his* recorded testimony before a grand jury. It has nothing to do with the testimony of a mere witness, no matter how material. It is not contended that Masterson was an *officer* of movant. Rule 6(e) authorizes disclosure of matters occurring before a grand jury by a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony when so directed by the court preliminarily to or in connection with a judicial proceeding

or when permitted by the court at the request of a defendant upon a showing that grounds exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

■ All of the authorities cited by movant involve attempts to obtain disclosure of testimony upon order of the *trial* judge. None involve a situation even remotely comparable to the instant one. Upon the showing made to us, we do not believe the ends of justice require that we lift the veil of secrecy from the grand jury proceedings which led to movant's indictment and subsequent conviction in this court on another charge. There has been no showing of a "particularized need", particularly in view of the disclosure of Masterson's testimony before the Grand Jury in Kansas. That the testimony here sought may be helpful in the civil action is irrelevant.

We have carefully read Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, decided June 20, 1966 (the last pronouncement of the Supreme Court) and find nothing therein which supports the position of movant. In that case, the Court held that the *trial* judge erred, in the circumstances detailed in the opinion, in denying defendants' motion to examine the grand jury testimony of certain key government witnesses, primarily for possible use for impeachment purposes. The judgment was reversed "(b)ecause petitioners were entitled to examine the grand jury minutes relating to *trial* testimony of the four government witnesses, and to do so while these witnesses were available for cross-examination."

Here, movant seeks the testimony solely for purposes of information concerning Masterson's activities on its behalf.

However, although on the present record we will not grant the order sought, we will not foreclose defendant from all possibility of obtaining the disclosure of Masterson's grand jury testimony in the event a showing of a particularized need therefor is made to the Court in which defendant is now being prosecuted.

It is therefore ordered that as soon as reasonably possible the government attorney make available to the United States District Court for the District of Kansas, in which Criminal Action No. KC–Cr–873 is pending, the transcript of the testimony of Thomas Masterson before the Grand Jury of this Court in Case No. 65 Cr 150(3), for the purpose of authorizing said District Court for the District of Kansas, upon a showing to it of a particularized need therefor to make and enter such orders as it may deem advisable with respect thereto.