**MOTOR MART, INC., Plaintiff,**

v.

**SAAB MOTORS, INC. and Saab-Scania of America, Inc., Defendants.**

**No. 72 Civ. 5214.**

United States District Court,
S. D. New York.

May 14, 1973.

Morrow D. Mushkin, Garden City, N. Y., for plaintiff.

Wiggin & Dana, New Haven, Conn., for defendants; by William J. Doyle, New Haven, Conn., of counsel and Brotman & Dolin, New York City, by Lester Dolin, New York City, of counsel.

OPINION

POLLACK, District Judge.

The defendants move to disqualify plaintiff's attorney from appearing herein and for an order dismissing the First and Fifth causes of action pursuant to Fed.R.Civ.P. 12(b)(1), (4) and (5), or in lieu thereof quashing the re-

turn of service of summons with respect to such claims, for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. Defendants also seek clarification of ¶ 24 of the Complaint. Fed.R.Civ.P. 12(e).

This case is brought for damages pursuant to the Dealers' Day in Court Act, 15 U.S.C. § 1221 et seq., alleging unlawful termination of an automobile dealership. Defendants contend that Morrow D. Mushkin, Esq., plaintiff's attorney herein, was employed professionally by Saab Motors, Inc. as its counsel on a regular basis from 1957 until 1962. In 1958–59, Mr. Mushkin represented Saab Motors as its counsel in a claim against Saab Motors which, although brought under New York State law, is characterized by the moving parties herein as being essentially the same type of suit as is now before this Court i.e., for alleged violation of Section 197 of the General Business Law of the State of New York, McKinney's Consol. Laws, c. 20. That statute is shorter than the present Federal law but is similar in intent. Defendants assert that through such representation as well as through his more general representation, Mr. Mushkin was exposed to and received information on defendant Saab Motors' policies, trade practices, and its methods of operation and procedures which are pertinent to and might be used in the present case with adverse impact upon the defendants.

Mr. Mushkin replies that during the course of his relationship with Saab Motors he did not, in fact, receive either confidential information or information relevant to the present case. He states that nearly twelve years * have lapsed since he represented Saab Motors, and contends that, in any event, his connection with that defendant was not extensive. Moreover, Mr. Mushkin states that the prior state court action never proceeded to trial and that it was brought before the Federal Act underlying the present suit was enacted.

Canon 4 of the Code of Professional Responsibility provides that "[a] lawyer should preserve the confidences and secrets of a client." This Court may be requested to enforce this provision, since "[w]ithout firm judicial support, the Canons of Ethics would be only reverberating generalities." Empire Linotype School v. United States, 143 F.Supp. 627, 633 (S.D.N.Y. 1956).

The standard to be applied in enforcing Canon 4 was recently stated by the Court of Appeals for this Circuit, Emle Industries, Inc. v. Patentex, Inc., 478 F.2d 562 (2d Cir., 1973):

> Without strict enforcement of such high ethical standards, a client would hardly be inclined to discuss his problems freely and in depth with his lawyer, for he would justifiably fear that information he reveals to his lawyer on one day may be used against him on the next. A lawyer's good faith, although essential in all his professional activity, is, nevertheless, an inadequate safeguard when standing alone. Even the most rigorous self-discipline might not prevent a lawyer from unconsciously using or manipulating a confidence acquired in the earlier representation and transforming it into a telling advantage in the subsequent litigation.

The Court of Appeals further noted that it is inappropriate to inquire into whether the lawyer did, in fact, receive confidential information which might be used against the former client; any such examination would require the revelation of those confidences which the Canon is designed to protect. The emphasis of the inquiry to be made in such a case is on the appearance of propriety, essential to insuring the in-

---

* In letters to defendants' present counsel, Mr. Mushkin stated he had not represented Saab Motors for over eight years or any Saab organization for over six years. In his opposing affidavit he avers he has not represented Saab Motors for nearly 12 years.

**158**

tegrity of the judicial procedures. *See also* T. C. Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265 (S.D.N.Y. 1953).

■ Against this necessarily stringent standard, the Court is constrained to conclude that Mr. Mushkin's previous representation is substantially related to a present adverse representation and he must be disqualified from any further participation in this case. The prior representation made possible his exposure to business methods and confidential information, giving rise in the present action to an appearance of conflict of interest. Even if his relationship with Saab Motors was relatively small and even if the prior action did not raise issues identical to those involved herein, his past activities raise a shadow over his present involvement. *Emle Industries, supra,* requires this Court to remove that shadow by disqualifying counsel:

> The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case. These considerations require application of a strict prophylactic rule to prevent any possibility, however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage.
>
> 478 F.2d 562, Docket Nos. 72–2048 to 70–2053 (2d Cir. 1973).

In granting this motion, the Court emphasizes that it has found on the record *no* breach of good conduct by Mr. Mushkin, nor has it found any actual or intended violation by him of the Code of Professional Responsibility. The ruling made is firmly grounded on the potential violation lurking herein and on the necessity for preserving the appearance of propriety.

In view of this determination, defendants' other motions must be held in abeyance, pending substitution of counsel for plaintiff of which the Court should be informed within 20 days from the date hereof.

So ordered.