Charles B. CANNON et al.,
Plaintiffs-Appellants,

v.

U. S. ACOUSTICS CORPORATION et
al., Defendants-Appellees.

No. 75–1810.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1976.

Decided March 31, 1976.*

---

* This appeal was originally decided by unreported order on March 31, 1976.  See Circuit Rule

28.  The Court has subsequently decided to issue the decision as an opinion.

N. A. Giambalvo, Chicago, Ill., for plaintiffs-appellants.

Francis D. Morrissey, Joseph M. Fasano, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and BAUER, Circuit Judges.

PER CURIAM.

Plaintiff Charles B. Cannon and three other individual stockholders of U. S. Acoustics Corporation ("Acoustics"), a Florida corporation, and of its subsidiary, International Perlite Products, S. A., a Panamanian corporation, filed a suit against those corporations and four individuals "constituting the dominant and controlling shareholders, directors and officers" of the corporations. Counts I and IV were derivative actions alleging violations of Section 10 of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and Rule 10b-5 of the Securities and Exchange Commission (17 C.F.R. § 240.10b-5). Count II relied on Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)). Counts III and V arose under the common law and statutes of Illinois and Florida and invoked the pendent jurisdiction of the district court. Count VI was a diversity claim brought by plaintiff Cannon, a resident of Illinois, against defendant Acoustics, a Florida corporation, demanding $12,733.55 (plus interest) and 5,625 shares of Acoustics stock as payment for Cannon's legal services to Acoustics.[1]

In response to the complaint, defendants filed a motion to disqualify Cannon as a plaintiff because of the legal services he rendered to the defendants. In addition, the briefs in support of the motion requested that Cannon be enjoined from disclosing any information received from the individual and corporate defendants during the course of his representation of defendants. The district court granted both requests. For reasons expressed in the district court's able and scholarly opinion (398 F.Supp. 209), which we adopt as our own,[2] we affirm except with respect to Count VI.

With regard to Counts I through V, we need address only plaintiffs' arguments that the procedure used by the district court was faulty. Even if these claims were meritorious, and we think they are not, they cannot be urged on appeal because none of the points of error was presented to the district court. *Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Co.*, 508 F.2d 417, 420 (7th Cir. 1975); *Mark v. McDonnell & Co.*, 447 F.2d 847, 848 (7th Cir. 1971).

Plaintiffs now complain that they should have received a full hearing on defendants' motion to disqualify Cannon. No request for a hearing was presented to the district court, nor was oral argument requested pursuant to Rule 13(d) of the Rules of the United States District Court for the Northern District of Illinois. The procedures used by the court below therefore complied with Rule 78 of the Federal Rules of Civil Procedure.

Although the plaintiffs now assert that the district court did not comply with the summary judgment provisions of Rule 56 of the Federal Rules of Civil Procedure, this objection in essence complains about the lack of a hearing on defendants' motion to disqualify Cannon. That objection was

---

1. Inadvertently the opinion below stated that jurisdiction of Count IV was based on diversity (398 F.Supp. at 213), but actually Count VI was the only diversity count.

2. See also *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562, 570–571 (2d Cir. 1973); *Chugach Electric Ass'n v. United States District Court*, 370 F.2d 441 (9th Cir. 1966), certiorari denied, 389 U.S. 820, 88 S.Ct. 40, 19 L.Ed.2d 71.

**1120**

disposed of above. To the extent that plaintiffs' objection argues that there was a disputed fact about the breadth of Cannon's representation, we disagree. Based upon the undisputed facts, it is reasonable to infer that Cannon received confidential information material to the subject matter of the suit. As the district court concluded, this is sufficient to warrant disqualification.

■ Plaintiffs contend that the district court should not have enjoined Cannon from disclosing information he received from the defendants during the course of his representation of them on the ground that defendants did not file a motion for an injunction. However, defendants' briefs in support of the disqualification motion did request such relief, and plaintiffs had ample opportunity to respond to this request or to seek oral argument thereon. Even if this part of the district court's order is considered an injunction, there was sufficient compliance with the prerequisites of Rule 65(d). The plaintiffs had adequate notice of the request. The Court's order merely enforces an obligation clearly imposed on a lawyer by the Code of Professional Responsibility. The order is reasonably specific and based upon a sufficient factual finding that Cannon received information in confidence.

■ With regard to Count VI, in which Cannon seeks recovery from Acoustics for his legal services, we must reverse. Although Canon 4 of the ABA Code of Professional Responsibility justified the district court in disqualifying Cannon as a plaintiff, that canon permits a lawyer to reveal "Confidences, or secrets necessary to establish or collect his fee * * *" (Canon 4(C) of the ABA Code of Professional Responsibility). Through the corporate defendants' answer, Count VI is now at issue. Because of the foregoing exception to Canon 4 and to the rule of privilege between a corporate client and its attorney, Cannon should be permitted to proceed to trial on Count VI. However, to avoid the confusion that Cannon's presence might engender with respect to the remaining counts, the court below should order a separate trial of Count VI

pursuant to Rule 20(b) of the Federal Rules of Civil Procedure.

Judgment reversed and remanded with respect to Count VI; judgment affirmed in all other respects; the parties to bear their own costs.