432 F.Supp. 694 (1977)
FRED WEBER, INC., Plaintiff,
v.
SHELL OIL COMPANY, Shell Pipeline Corporation, Standard Oil Company, American Oil Company, aka Amoco Oil Company, Defendants.
No. 75-1115C(4).
United States District Court, E. D. Missouri, E. D.
June 16, 1977.
*695 Edward D. Weakley, Lashly, Caruthers, Thies, Rava & Hamel, Michael J. Aubuchon, Aubuchon & Aubuchon, St. Louis, Mo., for plaintiff.
Norman C. Parker, St. Louis, Mo. (co-counsel for plaintiff on defendants' motion to disqualify plaintiff's attorney only).
William G. Guerri, Thompson & Mitchell, St. Louis, Mo., William Simon, Washington, D. C., for defendants.
Maurice R. Glover, Chicago, Ill., Joseph A. Kral, St. Louis, Mo., for Standard Oil & Amoco Oil.

MEMORANDUM AND ORDER
NANGLE, District Judge.
This matter is before the Court upon the motion of defendants Shell Oil Company and Amoco Oil Company to disqualify plaintiff's attorney. Plaintiff has filed this suit alleging violations of the Sherman and Clayton Acts, and additionally asserting claims of misrepresentation and unconscionability. Plaintiff's attorney is Edward Weakley and the firm, Lashly, Caruthers, Thies, Rava & Hamel.
In 1965, a criminal suit was brought, United States v. American Oil Company, et al., D.C., 264 F. Supp. 93, and concluded upon the entry of pleas of nolo contendere. Included among the thirty-five defendants in that suit were the movants herein. It appears from the files in that suit, and it is undisputed herein, that both Paul Rava and John Lashly, presently of Lashly, Caruthers, Thies, Rava & Hamel, represented parties named as defendants in the criminal suit. In addition, Kenneth Thies, who is deceased, and Rexford H. Caruthers represented defending parties in the criminal suit. None of the members of the firm of Lashly, Caruthers, Thies, Rava & Hamel represented any of the defendants named in the instant suit.
At the time of the criminal suit, John Lashly and Paul Rava were associated with the firm of Lashly, Lashly, Rava, Hyndman & Rutherford. Rexford H. Caruthers, then associated with Guilfoil, Caruthers, Symington & Montrey, joined the Lashly firm in 1968. Kenneth Thies, then associated with Kerth, Thies & Schreiber, joined the Lashly firm in 1973.
*696 Moving defendants herein contend that there was a joint defense conducted in the criminal suit and that members of the Lashly firm had access to confidential information.
The record of events in the criminal suit establish that the indictment was returned on July 22, 1965 and summons were issued returnable on September 8, 1965. On September 8, 1965, all defendants appeared in court and entered pleas of not guilty. On October 6, 1965, defendants filed an application for change of plea. On November 19, 1965, pleas of nolo contendere were accepted. It is beyond dispute that the criminal suit and the present civil litigation are substantially related.
The evidence establishes that counsel for the criminal defendants did agree to work together in their defense of the indictment. It appears that various defense committees were established in connection with the criminal suit and that certain debriefing memoranda of grand jury witnesses were available for viewing by counsel for defendants. It also appears that a committee was established for amassing relevant documents although the evidence as to the results of that committee's efforts indicates that no documents were collected. There is no evidence that any member of the firm of Lashly, Caruthers, Thies, Rava & Hamel availed himself of the opportunity to review the memoranda, nor did any member receive any other confidential information from any of the other defendants in the criminal suit. Both Mr. Rava and Mr. Lashly testified that they did not review any of the debriefing memoranda nor receive any other confidential information. A number of other defense attorneys also did not avail themselves of the opportunity to review the information collected. A motion requesting leave to enter pleas of nolo contendere was circulated to all counsel and eventually was filed on behalf of substantially all defendants. That motion was, of course, a matter of public record, and further, contained no confidential information.
Canon 9, American Bar Association's Code of Professional Responsibility, requires that "a lawyer . . . avoid even the appearance of professional impropriety". Canon 4 requires that an attorney not divulge the confidences of clients.
An attorney will be disqualified from representing a party whose interests are adverse to a former client's interests where the subject of the litigation is substantially related to the former representation. In re Yarn Processing Patent Validity Litigation, 530 F.2d 83 (5th Cir. 1976); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation, 518 F.2d 751 (2d Cir. 1975); Redd v. Shell Oil Company, 518 F.2d 311 (10th Cir. 1975); Emle Industries, Inc. (Glen Raven Mills, Inc.) v. Patentex, Inc., 478 F.2d 562 (2d Cir. 1973); American Can Company v. Citrus Feed Co., 436 F.2d 1125 (5th Cir. 1971); Chugach Electric Association v. United States District Court for District of Alaska at Anchorage, 370 F.2d 441 (9th Cir. 1967), cert. denied, 389 U.S. 820, 88 S.Ct. 40, 19 L.Ed.2d 71 (1967); Cannon v. U.S. Acoustics Corporation, 398 F.Supp. 209 (N.D.Ill.1975), modified, 532 F.2d 1118 (7th Cir. 1976); Motor Mart, Inc. v. Saab Motors, Inc., 359 F.Supp. 156 (S.D. N.Y.1973); Estates Theatres, Inc. v. Columbia Pictures Industries, Inc., 345 F.Supp. 93 (S.D.N.Y.1972); T. C. Theatre Corporation v. Warner Bros. Pictures, Inc., 113 F.Supp. 265 (S.D.N.Y.1953).
In the present case, however, neither plaintiff's attorney nor any member of the firm of Lashly, Caruthers, Thies, Rava & Hamel represented any of the defendants herein; defendants were never clients of plaintiff's attorney or the firm. Defendants contend that because a joint defense was allegedly conducted in the criminal suit, defendants were, for the purposes of the Canons of Ethics, at least, clients of the firm during the criminal proceedings. Cf., Hunydee v. United States, 355 F.2d 183, 185 (9th Cir. 1965) (court excluded evidence on the basis that it was protected by the attorney-client privilege stating that ". . . where two or more persons who are subject to possible indictment in connection with the same transactions make confidential statements to their attorneys, these statements, *697 even though they are exchanged between attorneys, should be privileged to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings."); Continental Oil Company v. United States, 330 F.2d 347 (9th Cir. 1964) (holding privileged from grand jury subpoena grand jury debriefing memoranda shared with counsel of targets of grand jury investigation). These cases, however, do not stand for the proposition which defendants apparently assert; they do not hold that there is an irrebuttable inference from the conduct of a joint defense that confidences were shared which bars subsequent representation. The cases simply hold that confidences which are in fact shared remain privileged. The evidence herein failed to establish that any confidences were revealed.
In International Electronics Corp. v. Flanzer, 527 F.2d 1288 (2d Cir. 1975), the court noted the increase in the number of attempts to disqualify counsel. While representation in violation of the Canons of Ethics will not be tolerated in this Court,
A court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel. Woods v. Covington County Bank, 537 F.2d 804, 810 (5th Cir. 1976).
In order to disqualify plaintiff's counsel, the Court would have to infer, from the agreement that defense counsel would work together in the criminal suit, that confidences were shared, and that these confidences were then revealed to the members of the firm of Lashly, Caruthers, Thies, Rava & Hamel. The Court refuses to take these steps in light of the evidence.
In Silver Chrysler Plymouth, Inc., supra at 754, the court noted:
. . . while this Circuit has recognized that an inference may arise that an attorney formerly associated with a firm himself received confidential information transmitted by a client to the firm, that inference is a rebuttable one.
This same standard, that of a rebuttable inference, should apply where it is alleged that counsel acted in concert in pursuing a joint defense. In the present case, the evidence fails to establish that the firm of Lashly, Caruthers, Thies, Rava & Hamel received any confidential information. Accordingly, the inference that confidential information was shared is rebutted. Cf., T. C. Theatre Corporation v. Warner Bros. Pictures, Inc., supra at 271, wherein the court held that the evidence failed to establish that an attorney's conferences with defendants' counsel involved disclosure of confidential information, and that absent such evidence, disqualification was not warranted.
Accordingly,
IT IS HEREBY ORDERED that the motion of defendants Shell Oil Company and Amoco Oil Company to disqualify plaintiff's attorney be and is denied.