**Joseph McALINDEN, Plaintiff,**

v.

**Walter J. WIGGINS and Divi Divi Hotel Corporation, N.V., Defendants.**

**No. 81 Civ. 5764 (KTD).**

United States District Court,
S. D. New York.

July 23, 1982.

Greenfield & Chimicles, P.C., Bala Cynwyd, Pa., Mordecai Rosenfeld, New York City, for plaintiff; Richard D. Greenfield, Carole A. Broderick, Julie T. Barsel, Bala Cynwyd, Pa., of counsel.

Galpeer, Altus, Karp & Beckerman, New York City, for defendants; Murray Beckerman, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Joseph McAlinden moves to vacate the dismissal of plaintiff's original complaint entered January 22, 1982 and for the imposition of sanctions against defendant Wiggins and his counsel for allegedly improper conduct which plaintiff contends prompted the January 22 dismissal. Plaintiff also moves to disqualify Murray Beckerman, Esq. the attorney retained by both defendants. The failure of plaintiff to substantiate any of his arguments, as stated below, necessitates denial of all three motions.

### I. *Motion to Vacate Prior Dismissal*

█ The file on this case is fast acquiring a pile of needless, useless papers and the instant motions merely add to it. McAlinden, a stockholder of Divi Divi Hotel Corporation, N.V. ("Divi"), brought suit in October, 1981 against defendant Divi and its President and Managing Director, defendant Walter J. Wiggins, alleging violations of Section 14 of the Securities Exchange Act, 15 U.S.C. § 78n (1976) arising out of the defendants' alleged fraud in connection with the solicitation of proxies. The complaint was dismissed on defendants' motion after the defendants established that Divi did not have the requisite number of stockholders to require registration under Section 12 of the Securities of the Securities Exchange Act, 15 U.S.C. § 78*l* and was therefore not subject to the purview of Section 14. Instead of answering the defendants' motion, plaintiff filed an amended complaint which dropped the alleged federal securities laws violations and was grounded on common law fraud. Plaintiff now argues for the first time that Divi wrongfully avoided the registration requirements of Section 12. This argument must be rejected. Section 12 provides that Divi shall,

> within one hundred and twenty days after the last day of its first fiscal year ended after two years from July 1, 1964, on which the issuer has total assets exceeding $1,000,000 and a class of equity security (other than an exempted security) held of record by five hundred or more but less than seven hundred and fifty persons, ...

register its securities with the Securities and Exchange Commission. 15 U.S.C. § 781(g)(1)(B) (1976). Plaintiff submits evidence that Divi had in excess of 500 stockholders in June, 1981 at the time of the alleged wrongful acts. The crucial date, however, for determining the need for registration is explicitly stated in Section 12 to be the last day of the fiscal year and not at any other time during the fiscal year. Defendants have proven to my satisfaction that on April 30, 1981, the last date of Divi's fiscal year, Divi had only 493 shareholders, seven below the statutory minimum requirement and accordingly was not obliged to register its securities. Thus, any evidence submitted by plaintiff documenting the number of Divi shareholders in June, 1981 is irrelevant and not grounds for vacation of my dismissal. Plaintiff's motion to vacate the dismissal is accordingly denied.

█ Plaintiff also moves for the imposition of sanctions resulting from the failure of defendant counsel to inform this court that Divi had in excess of 500 shareholders June, 1981. The immateriality of this information renders the imposition of sanctions totally inappropriate. This motion is denied.

### II. *Disqualification of Mr. Beckerman*

█ Plaintiff moves to disqualify Mr. Beckerman as the joint counsel of both Divi

and Mr. Wiggins and claims that this dual representation arrangement violates the Code of Professional Responsibility. Although plaintiff vehemently asserts that the inherent conflicts in this joint counsel arrangement mandate Mr. Beckerman's automatic disqualification, each case must be independently reviewed on its facts to determine if the severe remedy of disqualification is merited. The American Bar Association ("ABA") Code of Professional Responsibility proscribes multiple representation,

> if the exercise of [the attorney's] independent professional judgment in behalf of a client will be or is likely to be adversely affected by [the attorney's] representation of another client, except to the extent permitted under DR 5–105(C).

ABA Model Code of Professional Responsibility DR 5–105(B). DR 5–105(C) allows dual representation to stand,

> if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

The affidavits of Anthony Ceracche, the Secretary/Treasurer of Divi, and Walter Wiggins reflect Beckerman's full disclosure to his clients of potential ramifications of his joint representation and the consent of both clients to his continued legal counsel. While plaintiff asserts that this consent is illusory based on Wiggins' control of Divi, Mr. Ceracche's statement that the matter of Mr. Beckerman's representation was "carefully considered by the [Divi] Board of Directors (without the participation of Wiggins). . . ." Affidavit of Anthony Ceracche, ¶ 2, successfully counters plaintiff's argument.

McAlinden further argues that because this case is "closely akin to a derivative action," Plaintiff's Reply Memorandum in Support of his Motion to Disqualify Defendants' Counsel, at p. 3, the rights of the defendant President and the defendant corporation are at odds.

Plaintiff correctly argues that joint representation in a derivative suit is frowned upon due to the inherent conflict between the corporation and its president. *Cannon v. U. S. Acoustics Corp.*, 398 F.Supp. 209, 216 (N.D.Ill.1975), *rev'd in part on other grounds*, 532 F.2d 1118 (7th Cir. 1976). This case, however, was not brought derivatively. The plaintiff's amended complaint filed November 27, 1981 alleges common law fraud violations against both Wiggins and Divi. The amended complaint is concerned with the proxy materials discussing the potential purchase by Divi of a Ramada Inn located in Ithaca, New York and the leasing of the Flamingo Beach Hotel situated on the Island of Bonaire, Netherland Antilles. Mr. Wiggins is alleged to be a principal investor in both hotels. In essence, plaintiff charges that neither Wiggins or Divi was forthright in divulging relevant information to the shareholders in the proxy materials. If plaintiff were seeking relief on behalf of Divi against Wiggins, Beckerman's dual representation could be jeopardized, but instead plaintiff seeks relief against Divi arising out of the solicitation of allegedly deceptive proxies.

The Second Circuit, in *Armstrong v. McAlpin*, 625 F.2d 433 (2d Cir. 1980) (*en banc*), *vacated on jurisdictional grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981), set forth the appropriate standards for disqualification of attorneys. Disqualification is warranted "where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client . . ." 625 F.2d at 444, *quoting Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). No such showing has been made and the disqualification motion is denied.

In sum, plaintiff's motions for sanctions, disqualification of Mr. Beckerman and vacation of the dismissal of the original complaint are denied. These motions are as baseless as the prior motions. Costs for these motions are therefore assessed against plaintiff.

SO ORDERED.