G. RANDALL STANLEY, Plaintiff-Appellant, v. BRASSFIELD, COWAN & HOWARD, Defendant-Appellee (Stanley Enterprises, Inc., *et al.*, Defendants).

Third District   No. 3—86—0342

Opinion filed February 20, 1987.

Yost Law Office and Ludens, Potter & Burch, both of Morrison (Thomas J. Potter and Carl Yost, of counsel), for appellant.

Brassfield, Cowan & Howard, of Rockford (William J. Howard, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, G. Randall Stanley, appeals from the grant of summary judgment entered in favor of the defendant, Brassfield, Cowan & Howard, a law partnership. Stanley, in count III of his complaint filed in the instant cause, sought to have the individual directors of Stanley Enterprises, Inc., reimburse the corporation for attorney fees the corporation paid for their representation in prior litigation, or, in the alternative, to have Brassfield, Cowan & Howard refund to the corporation the fees it collected for rendering legal services to the individual

directors.

Stanley contends that the trial court erred in granting Brassfield, Cowan & Howard's motion for summary judgment because there existed a genuine issue of material fact as to the directors' intent when they authorized and ratified payment of the attorney fees to Brassfield, Cowan & Howard. Additionally, Stanley contends that as a matter of law attorneys are not entitled to fees for representing conflicting interests in the same litigation.

The instant cause arises out of a dispute between the majority block of stockholders, who are also the directors of Stanley Enterprises, Inc., and Stanley, who owns 39% of the corporation. Stanley Enterprises, Inc., is a closely held Illinois corporation, being a family-owned business. In 1984 Stanley filed a lawsuit against both the corporation and the shareholders comprising the board of directors and holding the majority block of shares of the corporation. Stanley alleged *inter alia* that he had not received money he claimed was owed to him; that a loan made to the corporation had not been repaid to him; that tools of his had not been returned; and that he had not received any severance pay from the corporation. Stanley requested that the corporation and the named individual shareholders and directors be enjoined from liquidating any machinery and that the court order an accounting because the named individual shareholders and directors allegedly had withdrawn large sums of corporate money for their personal use. Brassfield, Cowan & Howard, a law partnership, was retained to represent both the corporation and the named individual stockholders and corporate directors in the lawsuit.

In January 1986, prior to trial, Stanley requested the trial court to enter an order disqualifying the law partnership from representing both the corporation and the individual shareholders and directors. The trial court denied the motion and Stanley moved for a nonsuit which was granted upon his payment of court costs. Twenty-six days later, Stanley filed the instant suit from which this appeal is generated.

Count III of the instant suit sought to have the individual directors and shareholders named as defendants in the prior suit to reimburse the corporation for attorney fees which the corporation paid to Brassfield, Cowan & Howard for their defense, or, in the alternative, to order Brassfield, Cowan & Howard to refund to the corporation that portion of the fees charged and received for the legal services rendered the directors and shareholders. Additionally, count III sought to have Brassfield, Cowan & Howard disqualified from any further representation of the corporation in the pending litigation.

In their reply to count III, Brassfield, Cowan & Howard moved for summary judgment, contending that the corporation had the absolute right to hire one firm to represent both the corporation and the individual directors and shareholders named as defendants in the earlier suit. Further, that the board of directors and shareholders properly authorized and ratified payment of their fees pursuant to the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, pars. 8.75 (a) through (h)). Prior to hearing the motion, the trial court disqualified Brassfield, Cowan & Howard from representing both the corporation and individual directors in the instant suit, and, after the hearing, the trial court without opinion granted Brassfield, Cowan & Howard's motion for summary judgment.

In this appeal, Stanley maintains that Brassfield, Cowan & Howard is not entitled to summary judgment because there remains a disputable question of intent in regard to the authorization and ratification of the corporation's payment of their fees by the directors and shareholders. Particularly, that the inherent requirement of good faith on the part of the shareholders and directors in authorizing and ratifying payment of fees by the corporation is an issue of intent which is negated by Stanley's counteraffidavit alleging bad faith. Stanley further maintains that Brassfield, Cowan & Howard is not entitled to judgment as a matter of law because attorneys are not entitled to fees for representing conflicting interests in the same litigation.

■■ Stanley argues that the cause of action from which the attorney fee controversy arose was a shareholder derivative suit and that the law holds there exists an inherent conflict of interest between the corporation and directors in these suits which disqualify legal counsel from representing both parties. (*Cannon v. U.S. Acoustics Corp.* (7th Cir. 1976), 532 F.2d 1118.) Our examination of the record presented on appeal reveals, however, that Stanley's original suit was brought against both the corporation and the individual shareholders and directors. We find there was no derivative action wherein the corporation *per se* would benefit from Stanley's action. Stanley requested judgment from the corporation, not on behalf of the corporation, as well as judgment against the individually named defendants, and damages were sought from all named defendants, the corporation, and the individual shareholders and directors.

The instant suit, however, is a derivative suit in that it requests, *inter alia,* that the corporation be awarded judgment against those named individual directors and shareholders who may be found liable for any amount which the requested accounting may disclose. Brassfield, Cowan & Howard therefore were properly disqualified by the

trial court from representing both the corporation and the individual shareholders in the instant suit.

■■ Given, however, that the earlier action is not a shareholder derivative suit, we find no conflict of interest which would disqualify Brassfield, Cowan & Howard from representing both parties defendant as a matter of law. Under our State's Business Corporation Act, corporate directors may legally award indemnity to the individuals named as defendants in Stanley's original lawsuit. (Ill. Rev. Stat. 1985, ch. 32, pars. 8.75 (a) through (h).) The provisions of the Business Corporation Act in this regard were adhered to and the individual directors were entitled therefore to permissive as well as mandatory indemnity. (Ill. Rev. Stat. 1985, ch. 32, pars. 8.75(a), (b), (c).) Brassfield, Cowan & Howard properly relied upon the action of the board of directors and the ratification by the majority of shareholders in accepting the award of attorney fees charged on behalf of the individual directors who were named as codefendants in Stanley's original suit.

Whether there exists a genuine issue of material fact regarding the directors' intent thereby precluding the trial court from granting the law partnership's motion for summary judgment is material only as to whether the individual directors themselves should reimburse the corporation for fees paid on their behalf. Stanley has failed to raise a genuine issue of material fact against Brassfield, Cowan & Howard which would preclude the trial court from granting summary judgment in the instant case. *Econo Lease, Inc. v. Noffsinger* (1975), 30 Ill. App. 3d 339, 332 N.E.2d 470.

We find no basis in law which would require Brassfield, Cowan & Howard to refund their fee after their fee has been approved by the corporation as provided under the indemnification provisions of the Business Corporation Act.

Based on the foregoing, we affirm the trial court's grant of summary judgment in favor of the defendant, Brassfield, Cowan & Howard, and against the plaintiff, G. Randall Stanley.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.