**NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**Marshall S. FRUMIN, M.D., Defendant.**

**NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**Alexander H. PEGUES, Defendant.**

**NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**James R. KELLER, Defendant.**

Civ. A. Nos. 89–C–924, 89–C–930 and 89–C–935.

United States District Court, E.D. Wisconsin.

June 22, 1990.

Richard C. Ninneman and John A. Rothstein, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Stephen E. Kravit, Kravit, Waisbren & DeBruin, Milwaukee, Wis., and Martha B. Lawley, Ryan, Shoss, Sudan & Lawley, Houston, Tex., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On August 3, 1989, plaintiff Northwestern National Insurance Company ("NN") commenced these actions to recover money paid out under a surety bond. The defendants in each of the three cases have moved for dismissal or in the alternative for transfer of these cases to Texas. The

relevant factual background of the three cases is virtually identical and the legal issues to be decided are identical. The court will therefore deal with all of the pending motions in the three cases in this decision and order.

In each of the three cases the plaintiff was tardy in filing its brief in response to defendants' motions to dismiss or in the alternative to transfer. Defendants moved for entry of dismissal because of plaintiff's tardy filing, and plaintiff requested an enlargement of time in which to file its responsive briefs. On November 2, 1989, in case 89–C–935, the court granted the plaintiff's motion for an extension of time and denied defendant's motion for entry of dismissal. The November 2, 1989 order found that there was no indication that plaintiff's tardiness caused defendant any substantive harm and that there was no indication that justice would be served by prohibiting Northwestern from filing an answering brief. For those same reasons, the court will accept plaintiff's responsive briefs in cases 89–C–924 and 89–C–930 and deny defendants' motions to dismiss those cases because of plaintiff's tardy filing of its responsive briefs.

The court has considered the parties' positions and will deny the defendants' motions to dismiss or in the alternative to transfer.

### FACTS

Defendants Marshall S. Frumin, M.D. ("Frumin"), Alexander H. Pegues ("Pegues"), and James R. Keller ("Keller") are all residents of Texas. NN is a Wisconsin insurance corporation having its principal place of business in Brookfield, Wisconsin (Complaint ¶ 2). Prior to 1981, Scott Science and Technology ("SST"), a company founded by former astronaut David R. Scott ("Scott"), developed an optoelectronic sensor purportedly capable of measuring physical characteristics of structures and material such as bending, vibration and load capability (Complaint ¶ 4).

In 1981, Scott and SST formed an Arizona limited partnership by the name of Medasid Ltd., to produce a demonstration model of a Handheld Force Analyzer, an instrument that would allow a doctor to quantitatively measure the force exerted by a patient's muscle (Complaint ¶ 5).

Each defendant purchased a partnership interest in Medasid, and as partial consideration therefor, each defendant executed and delivered a long-term note. The notes had a maturity date of July 1, 1989 (Complaint ¶ 6).

In May 1984, each of the defendants was approached by Scott concerning a refinancing plan. As part of that plan, each of the defendants received by U.S. mail, in Texas, new notes and an indemnity agreement. Each of the defendants executed the new notes and the indemnity agreement in Texas and mailed them back to California. The indemnity agreement which each defendant signed is identical. It is two pages long and contains a forum selection clause on the second page. The clause states:

> Venue, at the Company's option for litigation and/or arbitration, shall be in the County designated on the front page under the description of the Company's address.

The top of the front page lists the company and its address as: Northwestern National Insurance Company of Milwaukee, Wisconsin, 731 N. Jackson Street, Milwaukee, Milwaukee County, Wisconsin 53201.

On June 29, 1989, Frumin, Keller, and Pegues started a lawsuit in Texas against NN and other defendants alleging improprieties concerning, among other things, the financing plan that occurred in 1984.

On August 3, 1989, NN filed these actions against each of the defendants seeking money in connection with the indemnity agreements executed by plaintiff to guarantee payment of certain long-term notes of the defendants. Each of the defendants filed motions to dismiss for lack of personal jurisdiction and in the alternative for a transfer of this case to the United States District Court for the Southern District of Texas, Houston Division.

### MOTION TO DISMISS

NN asserts that this court has diversity jurisdiction over this action and that venue

is proper pursuant to the parties' contractual designation.

Defendants filed motions to dismiss arguing that this court lacks personal jurisdiction over them because they have no contacts with the state of Wisconsin and are therefore not subject to jurisdiction here under Wisconsin's long arm statute.

■■■ The enforceability of contractual forum selection clauses is governed by federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The law is well settled that personal jurisdiction can be conferred by either express or implied consent. *Heller Financial, Inc. v. Midwhey Power Co., Inc.* 883 F.2d 1286, 1290 (7th Cir.1989). In the commercial context, parties, for business or convenience reasons, frequently "stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Id.* Such a forum-selection clause should control unless there is a "strong showing that it should be set aside." *Id.*

In *Heller* the forum selection provision provided that the defendant would "submit, at [plaintiff's] election to the exclusive jurisdiction and venue of any courts [within Illinois]." In the present case the forum selection clause did not mention jurisdiction or personal jurisdiction, and the issue before this court is whether consent to personal jurisdiction is implicit when a party consents to venue. The defendants cite a previous decision of this court, *Towne Realty, Inc. v. Bishop Enterprises, Inc.* 432 F.Supp. 691, 694 (E.D.Wis.1977), for the proposition that the venue provision in this case does not operate to confer personal jurisdiction over a non-resident defendant. In *Towne Realty*, this court stated that "[t]he contractual provisions regarding venue and choice of law are irrelevant in determining business activities." *Towne Realty*, 432 F.Supp. 694.

■■■ To the extent that the *Towne Realty* opinion held that consent to venue does not include consent to personal jurisdiction, that opinion is overruled. The court finds that when a party consents to venue in a particular court, it implicitly consents to the exercise of personal jurisdiction by that court. In this case, the consent to venue would be meaningless unless it encompassed a consent to personal jurisdiction.

■■■ The defendants' argument that the forum selection clause should be ignored because the contract is an adhesion contract is unpersuasive. Basic contract law establishes a duty to read the contract; it is no defense to say "I did not read what I was signing." *Heller*, 883 F.2d at 1292. The contract in question is only two pages long. The first page contains blanks in which defendants filled out the details of their respective financial conditions; the second page contains the indemnity agreement which consists of a little more than half of a page of text, including the forum selection clause, and a signature line. The defendants had a duty to read the indemnity agreement before signing it. It is no defense now for defendants to say that the contract was not a freely negotiated contract because they didn't read it.

## DEFENDANTS' MOTION TO TRANSFER VENUE

Failing on their personal jurisdiction challenge, defendants ask this court to transfer this case to the Southern District of Texas. Defendants cite *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988), for the proposition that the forum selection clause in the indemnity agreement does not control the disposition of a motion to transfer pursuant to § 1404(a) and that in *Stewart* the Court held that forum-selection clauses should only receive the consideration for which Congress provided in § 1404(a), and that this court should therefore consider the convenience of a Wisconsin forum for both parties and witnesses given the parties' expressed preference for that venue, the fairness of transfer in light of the forum selection clause, the parties' relative bargaining power, and the interest of justice.

Whether these actions could have been brought in the district to which transfer is sought is the initial determination to be

made prior to any transfer under § 1404(a). Title 28 U.S.C. § 1391(a) provides that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Venue in each of the cases is proper in Texas because all three of the defendants are residents of Texas.

 Section 1404(a) requires that when a transfer is sought the following three factors must be considered: the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Stewart* stands for the proposition that a forum selection clause is not dispositive under § 1404(a). That is because only one of the § 1404(a) factors—convenience of the parties—is within the parties' power to waive. The *Stewart* case went on to state that the presence of a forum-selection clause is a significant factor that figures centrally in a district court's determination of a motion to transfer. *Stewart Organization v. Ricoh Corp.*, 487 U.S. at 29–30, 108 S.Ct. at 2243–2244, 101 L.Ed.2d at 31.

 Defendants have the burden of showing that the "transferee forum is clearly more convenient." *Heller*, 883 F.2d 1286 (7th Cir.1989). By virtue of the forum-selection clause, defendants have waived the right to assert their own inconvenience as a reason to transfer the case. *Id.* With respect to the convenience of the witnesses, defendants have listed many witnesses, but they do not explain why all of the listed witnesses are needed nor the significance of their expected testimony. Based on the record before this court, the defendants have not met their burden of showing that the convenience of the witnesses favors transferring these cases to a Texas federal court.

 The final factor to be considered is the interests of justice prong of § 1404(a). The interests of justice include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Heller*, 883 F.2d 1286, 1293 (7th Cir.1989). Speedier trials will not be ensured in the Southern District of Texas, and the defendants have not argued that Texas law will apply. The documentary evidence that is alleged to be in Texas has not been identified nor has it been demonstrated that it would be any more burdensome to produce the documents in Wisconsin than it would be to produce them in Texas.

Defendants also argue that these actions should be transferred to Texas so that all of the pending cases can be consolidated. NN commenced the present actions by filing complaints against each of the defendants on August 3, 1989. On June 29, 1989, defendants commenced an action against NN, and others, in the United States District Court for the Southern District of Texas. Keeping in mind that defendants consented to venue in Wisconsin for litigation concerning the indemnity agreements, the court is not persuaded that the interests of justice favors transfer of these actions to Texas just because defendants commenced a similar action there a little more than a month before the actions in this court were commenced.

IT IS THEREFORE ORDERED that plaintiff's motions for extension of time to file responsive briefs in cases 89–C–924 and 89–C–930 are granted.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's claims because plaintiff missed the filing deadlines for responsive briefs are denied.

IT IS FURTHER ORDERED that defendants' motions to dismiss or in the alternative to transfer these actions are denied.