**In re BURTON SECURITIES, S.A., Debtor.**

**Bankruptcy No. 91–26594–C–11.**

United States Bankruptcy Court, S.D. Texas, Corpus Christi Division.

Nov. 30, 1992.

Warren Fields, Jeffrey A. Shadwick, Winstead, Sechrest & Minick, Houston, TX, for debtor.

Ryan Dyson, Kleberg & Head, Corpus Christi, TX, for Kleberg & Head.

R.W. Woolsey, Woolsey & Cassidy, Corpus Christi, TX, for Tor Husjord Shipping, A/S.

MEMORANDUM OPINION ON CONFIRMATION OF CREDITOR PLAN OF REORGANIZATION

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration confirmation of the Creditor Plan of Reorganization, as amended (the "Creditor Plan"), which was proposed by certain creditors of the estate (the "Plan Creditors"). The Court, having heard the evidence and arguments of counsel, finds that the Creditor Plan should be confirmed and makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

The Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on August 14, 1991. The Debtor has proposed its own Plan of Reorganization, and Amended Plans. The Creditor Plan and First Disclosure Statement of Creditors were filed March 13, 1992. Pursuant to the Order Approving the First Disclosure Statement of Creditors (the "Disclosure Statement"), the proponents of the Creditor Plan were authorized to serve through the office of the United States Trustee, by June 12, 1992, all creditors and interest holders who were entitled to vote on the Creditor Plan, a copy of the Creditor Plan, the Disclosure Statement, the cover letter summarizing the reorganization plans of Debtor and Plan Creditors and a ballot designed for voting on either or both plans of reorganization.

On August 31, 1992, an Order Amending Ballot was entered to permit certain taxing authorities to amend their ballot and to vote for the Creditor Plan. Confirmation of the Debtor's Amended Plan of Reorganization was denied on August 31, 1992 because *no* class voted for the Debtor's Plan other than the interest holders. Debtor then filed its Second Amended Disclosure Statement and Plan of Reorganization, which is substantially similar to its prior plan. The Debtor's Second Amended Disclosure Statement and Plan of Reorganiza-

tion is set for hearing on December 14, 1992. All classes of creditors, except the class composed of interest holders of the Debtor, have voted for the Creditor Plan. In fact, all claimants except the interest holders voted for the Creditor Plan.

This Court originally denied confirmation of the Creditor Plan from the bench because it did not provide sufficient protection to equity interest holders. Following a Motion for Reconsideration and hearing thereon, this Court found that the Creditor Plan, with proposed amendments, provided the necessary protection for interest holders. The Creditor Plan is essentially a liquidating plan, in which an independent liquidating trustee is appointed. The Plan is very similar to the creditor plan of reorganization confirmed by this Court in the case of *In re Duval County Ranch Company*, Case No. 89–01286–C–11 and related cases.

The Debtor objects to confirmation of the Creditor Plan on the grounds that it is not proposed in good faith as required by 11 U.S.C. section 1129(a)(3). Debtor alleges that because the law firm of Kleberg & Head, P.C. ("Kleberg"), a creditor and proponent of the Creditor Plan (together with other creditors), formerly represented Debtor, it cannot actively participate in the reorganization of Debtor.

The Court finds that Kleberg represented Burton Securities in the IJD, Inc., and Island Cruises, Ltd, bankruptcies, in which Burton Securities sought to regain possession of the M/V LE MISTRAL (the "Vessel"). Kleberg served as local counsel for Burton Securities in the above cases. Kleberg never represented IJD, Inc. or Island Cruises, Ltd.

Kleberg represents only itself in this bankruptcy. Although the Creditor Plan is proposed by other creditors, and Ryan Dyson, a Kleberg shareholder, drafted the Creditor Plan proposed by the Plan Creditors, Mr. Dyson does not represent any party other than his law firm. Marcus Joe Byrd, the sole appointed representative of Burton Securities, S.A. in the United States and its designated representative for all legal matters, stated in his affidavit that no client confidences were disclosed to Kle-

berg which were later revealed to creditors of the Debtor in this bankruptcy proceeding. No information subject to the attorney-client privilege was used in preparation of the Creditor Plan. The information used by the Plan Creditors in the Disclosure Statement is derived from the Debtor's Disclosure Statement.

## CONCLUSIONS OF LAW

This Court has jurisdiction pursuant to 28 U.S.C. sections 1334 and 157, and the Standing Order of Reference of the United States District Court for the Southern District of Texas, dated August 9, 1984. This confirmation hearing is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(L). Venue of this case is proper in this District. The proponents of the Creditor Plan are proper proponents under 11 U.S.C. section 1121(a).

▆▆▆ Before the Court is the issue of whether a law firm may propose a creditor plan of reorganization in the bankruptcy of its former client to attempt to recover the fees it is owed. No motion to disqualify Kleberg was filed. Instead, the Debtor argues that the Creditor Plan drafted by Kleberg is not proposed in good faith because Kleberg has violated the Texas Rules of Professional Conduct. The Debtor alleges that Kleberg is in violation of the rules prohibiting a law firm from disclosing confidential information, and prohibiting a law firm from representing another party in a matter adverse to the former client. Rules 1.05 and 1.09, Article 10, Section 9 of the State Bar Rules, Texas Government Code, Title 2, Subtitle G—Appendix (Vernon's, 1991). The Debtor also relies heavily on the recent Fifth Circuit case of *In re American Airlines, Inc.*, 972 F.2d 605 (5th Cir.1992).

In the *American Airlines* case, the Fifth Circuit disqualified a law firm which had accepted representation of both sides of a lawsuit and had previously represented the opposing party. The Fifth Circuit conducted an exhaustive review of the "substantial relationship" test and found that the prior representation was substantially related and the law firm should be disqualified. The *American Airlines* case, however,

does not apply to the facts before the Court. Here, Kleberg is representing itself in the Chapter 11 reorganization of the Debtor, its former client. Kleberg proposed the Creditor Plan in an attempt to recover fees owed to it by the Debtor. Kleberg does not represent any other creditor.

The Code of Professional Responsibility of The State Bar of Texas (now the Rules of Professional Conduct) has been adopted by the Southern District of Texas as its Code of Professional Responsibility. Local Rules of the United States District Court for the Southern District of Texas, Rule 1(L), App. A, Rule 4(B). Rule 1.05 of the Texas Rules of Professional Conduct provides as follows:

> (c) A lawyer may reveal confidential information:
>
>> (5) To the extent reasonably necessary to enforce a claim or establish a defense on behalf of the lawyer in a controversy between the lawyer and the client.

—Rule 1.05(c)(5), Texas Rules of Professional Conduct, Texas Government Code, Title 2, Subchapter G Appendix, Article 10, Section 9 (Vernon's 1991)

Paragraph 15 of the Comments to Rule 1.05, recognizes that "[a] lawyer entitled to a fee necessarily must be permitted to prove the services rendered in an action to collect it." Paragraph 15 of the comments also recognizes that a lawyer should not "exploit the relationship to the detriment of the fiduciary" and "[a]ny disclosure by the lawyer ... should be as protective of the client's interests as possible." No evidence was presented to prove any exploitation of the relationship between the Debtor and Kleberg.

The Fifth Circuit has held that the Texas Rules are not the "sole" authority, but that motions to disqualify are also "governed by the ethical rules announced by the national profession in light of the public interest and the litigants' rights." *In re Dresser Industries*, 972 F.2d 540, 543 (5th Cir. 1992); *In re American Airlines, supra.* at p. 610. Disciplinary Rule 4–101 of the old ABA Model Code of Professional Responsibility permitted a lawyer to reveal "confidences or secrets necessary to establish or collect his fee." The current ABA Model Rules of Professional Conduct contain the same language found in Texas Rule 1.05. The new language "enlarges the exception to include disclosure of information relating to claims by the lawyer other than for the lawyer's fee; for example, recovery of property from the client." Comment to Rule 1.6, ABA Model Rules of Professional Conduct. Thus, the Model Rules of Professional Conduct expand rather than narrow the exception and clearly contemplate the need for an attorney to disclose confidential information in order to collect a fee.

This Court finds that Kleberg did not use client confidences to draft its Disclosure Statement or Plan of Reorganization. If it had, however, the rules of ethics would not necessarily have been violated. Rule 1.05(c), Texas Rules of Professional Conduct, *supra.; Cannon v. U.S. Acoustics Corp.*, 532 F.2d 1118, 1120 (7th Cir.1976). To hold otherwise would prevent a law firm from ever collecting its fee in a former client's bankruptcy. Accordingly, the Creditor Plan has been proposed in good faith and should be confirmed.

The Bankruptcy Code provides guidance for courts who are faced with competing plans. Only one plan may be confirmed and if more than one plan satisfies the provisions of the Bankruptcy Code, the Court must "consider the preference of creditors and equity security holders in determining which plan to confirm." 11 U.S.C. section 1129(c). Here, there has been no finding that the Debtor's Second Amended Disclosure Statement and Plan of Reorganization satisfies the Code standards. Thus, the Court is not technically faced with competing plans. The Creditors have stated their preference by proposing and voting for the Creditor Plan. The Creditor Plan is the only confirmable plan presently before the Court. The Debtor's exclusivity period has run and the Court finds that the Creditor Plan should be confirmed. A separate Order confirming the Creditor Plan will be entered herewith.