**In re Morris A. SHENKER, Debtor.**

**Leonard KOMEN, Trustee in Bankruptcy for Morris A. Shenker, Plaintiff,**

v.

**Seymour FLAX, Defendant.**

**Bankruptcy No. 84–40001–172.**
**Adv. No. 90–4414–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 11, 1993.

**22**

Corey S. Berger, St. Louis, MO, for trustee, plaintiff.

Rodolfo Rivera, Clayton, MO, for defendant.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

The Chapter 7 Bankruptcy Trustee filed this Adversary Complaint to recover money had and received on account and on promissory notes. The Individual Defendant, Seymour Flax ("Flax"), is not a debtor in a case pending under Title 11 in this District. Flax has not identified himself as a defendant in a criminal case, or as a target of a criminal investigation.

As part of this Bankruptcy Proceeding, on July 21, 1993, Flax filed a pleading styled, "Motion To Release Grand Jury Transcripts". The Trustee/Plaintiff has elected to not file a response to the Defendant's motion.

■ Pursuant to Rule 6(e)(2), Federal Rules of Criminal Procedure, ("Fed.R.Crim. P.") grand jury proceedings are subject to a general rule of secrecy. In some situations, courts have recognized that justice may demand that discrete portions of grand jury proceedings may be disclosed for use in subsequent judicial proceedings. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

■ A petition for disclosure of grand jury proceedings shall be filed in the district where the grand jury convened. *See* Rule 6(e)(3)(D), Fed.R.Crim.P. The civil Defendant here has requested disclosure of his testimony before a Federal Grand Jury in the United States District Court in the District of Nevada, in the investigation of Morris A. Shenker, the deceased Debtor in this Chapter 7 Bankruptcy case. Notwithstanding this requirement, the court before which the civil proceeding is pending, is not precluded from ruling upon the request merely because it is in a district other than the district where the grand jury was convened. *See generally United States v. The American Oil Co.,* 264 F.Supp. 93 (E.D.Mo. 1966).

"It is now firmly established that a person seeking Rule 6(e)(3)(C)(i) disclosure carries the burden of making a 'strong showing of particularized need for grand jury materials.' "

*In re Grand Jury Proceedings Relative to Perl,* 838 F.2d 304, 306 (8th Cir.1988) (citing *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983)).

In the circumstances presented here, the Defendant has failed to present a particularized need or any other basis upon which this Court may enter an order requiring the disclosure of the civil Defendant's grand jury testimony presented in another district. It has not been suggested, and the Court cannot conclude from this record that the circumstances support a transfer of this motion to any other court pursuant to Rule 6(e)(3)(E), Fed.R.Crim.P.

**IT IS ORDERED** that the motion of Seymour Flax to release his testimony before a Federal Grand Jury in the United States District Court in the District of Nevada is **DENIED**.

### SUPPLEMENTAL ORDER

August 12, 1993

On August 11, 1993, the Court entered an Order that denied the Defendant's motion for an order to release certain grand jury testimony. As part of its determinations, the Court found that the Trust-

ee/Plaintiff had elected to not respond to the Defendant's Motion.

On August 12, 1993, the Court was advised that the Trustee/Plaintiff had in fact filed a response on August 4, 1993, indicating that he had no objection to the release of the Defendant's grand jury testimony. The Trustee/Plaintiff's response had been inadvertently attached to the incorrect file and delivered to another Court.

As noted in the Bankruptcy Court's original Order, the Federal Rules of Criminal Procedure and the decisions of the Eighth Circuit Court of Appeals require that a request for disclosure must be supported by a strong showing of particularized need. In the circumstances presented here, the agreement of the opposing party in the civil action does not provide a strong showing of particularized need, when a particularized need has not been shown in the requesting party's presentation. Therefore

**IT IS ORDERED** that any request to reconsider this Court's Order which denied the Defendant's request for an order to release certain grand jury testimony based solely on a consideration of the Trustee/Plaintiff's response is denied.